# BALTIMORE CITY COURT.

Filed October 24, 1923.

See State vs. Rutherford—145 Md. 363.

### ISABELLA RUTHERFORD
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE, THE BOARD OF ZONING APPEALS, ETC.

WYMAN PARK IMPROVEMENT ASSOCIATION
VS.
SAME.

SAUL SILBERMAN
VS.
SAME.

*Robert E. Kanode* for petitioners.

*A. Walter Kraus*, Assistant City Solicitor, for defendants.

FRANK, J.—

In connection with the above three appeals to this Court from the Board of Zoning Appeals, taken pursuant to the provisions of sub-section (b) of section 20 of Ordinance No. 922, approved May 19, 1923, known as the Zoning Ordinance, three preliminary questions were argued. Owing to the importance of these questions and to the need for prompt decision, I shall

briefly indicate the conclusions that I have reached.

First: As stated orally at the hearing, I am of the opinion that the Board of Zoning Appeals, as the representatives of the public charged with the duty of working out a comprehensive general zone plan for the use and development of all parts of the city, are necessary parties to each appeal from the decision of the Board. If the Board did not have a standing in appeals in this Court, the presentation of the case on appeal would be committed solely to private parties, concerned only with their own private and personal interests, and the general welfare of the whole city would be left entirely without representation. The adequate fulfilment of the purposes of the Zoning Ordinance, therefore, demands that the Board of Zoning Appeals be made parties to all appeals from the orders, requirements, decisions and determinations of said Board.

I am further of the opinion that all persons who were present or represented at the hearing before the Board of Appeals in whose favor the order, requirement, decision or determination of said Board appealed from was made should likewise be made parties to the appeal to this Court, so that each of them may have the opportunity here to protect their rights, etc., arising out of such order, requirement, decision or determination so appealed from.

All other persons than the appellants, however interested in the subject matter of the appeal, will be adequately represented by the Board of Zoning Appeals. Any such person, however, on a proper showing to this Court may in its discretion be made a party to the appeal.

Second: Any of the parties in interest may, upon application duly made, secure the benefit of a jury trial upon the appeal to this Court. The ordinance (sub-section (c) of section 22) provides that "any person or persons who may be dissatisfied with any order, requirement, decision, or determination of said Board of Zoning Appeals, in which he or they are in any manner interested, may within ten (10) days after the date of said order, requirement, decision, or determination, appeal therefrom by petition to the Baltimore City Court, praying said Court to review the same, and thereupon said Court shall pass an order setting such appeal for hearing within ten (10) days from the date of filing said appeal, and requiring the said Board of Zoning Appeals to produce in Court on the day fixed for said hearing all papers, documents and memoranda relating to said order, requirement, decision or determination from which said appeal is prayed, and the said Baltimore City Court shall hear said case *de novo*, and pass such order in the premises as it may deem right and proper."

The appeal is to the "Baltimore City Court" and no mention of a jury trial is specifically made. This Court is a Court possessing common law jurisdiction and normally consists of Judge and jury. Many cases hold that the term "court" may include a Judge and a jury.

See 15 C. J., p. 716, and cases cited in note 14 on page 717.

Generally speaking in the trial of appeals in this Court, a jury trial may be had as a matter of right, but usually the statutes or rules of court expressly so provide.

See e. g., Sec. 56 of Workmen's Compensation Act.

Rule 51 Supreme Bench of Baltimore City (appeals from Justices of the Peace).

Sec. 179 of Baltimore City Code of 1906 (appeals from Commissioners for Opening Streets).

In the case of tax appeals, the hearing is before the Court without a jury but this is so because the statute specifically so requires.

Sec. 239 of Article 81, Annotated Code.

Sec. 18 of Article 81.

The right to a jury trial in the case of appeals from the Board of Zoning Appeals is not inconsistent with the language of the statute.

The restrictions upon the free use and enjoyment of the property of the individual, which may and do result from the operation of the Zoning Ordinance, important and beneficial though they are to the public, operate seriously to encumber that property and may conceivably greatly impair or even substantially destroy its value in particular cases.

The validity of assessments to pay the expense of paving streets and col-

lecting the same from the parties charged is dependent upon the right of appeal to this Court where a jury trial can be had.

Ulman vs. Baltimore, 72 Md. at p. 610.

The constitutionality of the Workmen's Compensation Act is similarly dependent upon the provision for a jury trial on appeal.

Solvca vs. Ryan & Reilly Co., 131 Md., p. 281.

See also Steuart vs. Baltimore, 7 Md. 500.

It is true that special summary proceedings unknown to the common law are generally held out to be contemplated by the constitutional guaranty of a jury trial contained in Article 5 of the Declaration of Rights, and section 6 of Article 15 of the Constitution of Maryland.

State vs. Loden, 117 Md. at p. 384 et seq.

16 R. C. L., 216, Sec. 23.

The classes of cases in which this principle has been applied are essentially different from the cases now before the Court as will be readily seen from the enumeration contained in 16 R. C. L., above cited. Seizure for violation of the Revenue Laws, seizures of property used in aid of rebellion, of intoxicating liquors, of bawdy house furniture, of gaming devices, or appliances used in violation of the game laws, are illustrations of cases in which although property rights are involved, it is held that a jury trial is not a matter of constitutional right.

See note to Kieter vs. State in 17 A. L. R., 568, etc.

The bare fact that a new procedure affecting substantial property rights was unknown to the common law cannot, it seems to me, operate to defeat the right to a jury trial so carefully and painstakingly created and guarded by the Constitution. If this were the case, this cherished right could be whittled away and substantially destroyed by the enactment of laws providing for summary proceedings unknown to the common law.

I am accordingly of the opinion that the appellants are entitled to the jury trial for which they have prayed.

Third: Section 20 of the Zoning Ordinance provides among other things that "it is not intended by this Ordinance to repeal, abrogate or annul, or in any way to impair or interfere with any existing provision of law or ordinance, or any rules or regulations previously adopted or issued or which shall be adopted or issued pursuant to law relating *to the use of buildings or premises*" (italics mine).

This language is relied on as continuing in effect the procedure under Ordinance No. 155, approved June 19, 1908, as amended, whereby an appeal may be had to the Mayor from the decisions of the Building Inspector, who is Zoning Commissioner under the Zoning Ordinance. If this contention is correct, then in each case in which an application for a permit is granted or refused, certain of the interested parties may appeal to the Board of Zoning Appeals and then to the Baltimore City Court and others may appeal directly to the Mayor. The action of the Mayor is final if taken in good faith.

Osborn vs. Grauel, 136 Md. 88.

In this view, it would be possible to have two contrary final decisions, each fully binding, upon the identical question, one by the Mayor and the other by the Baltimore City Court, under the Zoning Ordinance. Such a situation would be intolerable. The language above quoted could be given a meaning which would render possible such a state of affairs, only if it clearly and unambiguously imported such a meaning. On the contrary, it seems to me that the words of the ordinance preserving pre-existing laws which relate to "the use of buildings or premises" mean what they say. Such pre-existing laws must have to do only with the use to which the building or premises may be put and not to the particular officer or tribunal that may have the power to determine such use. The context clearly shows that this was the purpose of section 20 of the Zoning Ordinance. The proviso follows the language above quoted, "that where this ordinance imposes greater restrictions upon the use of buildings or premises * * * than are imposed or required by such existing provisions of law, etc.," thus showing that it is the use to be made of the buildings and premises and not the machinery for determining or restricting that use that was intended in the saving clause.

I am, therefore, of the opinion that the ordinance giving the right of appeal to the Mayor from the action of the Building Inspector in cases now covered by the Zoning Ordinance was repealed by implication by the latter ordinance. It follows that the action taken in the Wyman Park case in the appeal to the Mayor is no bar to the prosecution of the present appeal in that case.